```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                      EASTERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
           Plaintiff,          )
                               )
     v.                        )    No. 4:07CR520 CEJ
                               )              (FRB)
TERRY L. EDWARDS,              )
                               )
           Defendant.          )
```

**MEMORANDUM,
REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

All pretrial motions in the above cause were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

Defendant's Motions

1. Motion To Suppress Evidence (Docket No. 33);

2. Motion To Suppress Statements (Docket No. 34); and

3. Motion To Reveal The Identity Of The Confidential Informant (Docket No. 35).

Testimony and evidence was adduced on the defendant's motions at a hearing before the undersigned on March 20, 2008. At the conclusion of the hearing counsel for the defendant requested that the hearing remain open to permit the defendant to obtain and submit additional evidence. The request was granted. Counsel for the defendant was directed to inform the court not later than April 4, 2008, whether the defendant was then prepared to present additional testimony or evidence. (See Docket No. 43). On April

4, 2008, counsel for the defendant requested additional time in which to gather additional evidence to be submitted on defendant's motions. (See Docket No. 45). The request was granted and a supplemental hearing was scheduled for April 18, 2008. (See Docket No. 46). On April 17, 2008, counsel for the defendant requested a continuance of the hearing set for April 18, 2008. (See Docket No. 48). The request was granted and the supplemental evidentiary hearing was continued and reset to May 2, 2008. (See Docket No. 49). On May 2, 2008, a supplemental evidentiary hearing was held. At the hearing counsel for the defendant informed the court that he had retained the services of an expert handwriting witness to examine the defendant's purported signature on a consent to search form which had previously been submitted as an exhibit at the pretrial hearing on March 20, 2008, and to offer an opinion as to whether the signature was genuinely that of the defendant. Counsel for the defendant stated that he had not yet received the written report of the expert witness, but that a preliminary oral report was that the opinion of the expert witness was inconclusive. Counsel requested leave to submit the written report once it was received, for the court's consideration as evidence on defendant's motions. The request was granted and the court indicated that it would proceed to consider defendant's motions once the report was filed. On May 21, 2008, counsel for the defendant submitted a letter to the court with the expert witness' preliminary report attached. Counsel indicated that the expert witness' final report

would be submitted to the court once received by him. (See Docket No. 53). The final report was submitted to the court and counsel for the defendant filed a notice with the court on July 23, 2008, stating that he had no additional evidence to submit to the court on his pending motions.

Based upon the evidence now before the court the undersigned makes the following findings of fact and conclusions of law:

### Findings of Fact

On April 9, 2007, Officer Martin Garcia of the St. Louis, Missouri, Metropolitan Police Department met with a confidential source who told Officer Garcia that a person known to the source as "T" was selling drugs from a residence at 5871 Roosevelt, St. Louis, Missouri. The confidential source provided a physical description of "T". The source also told Officer Garcia that "T" had two long guns inside the apartment on Roosevelt. This confidential source had provided information to Officer Garcia on one prior occasion and was considered by the officer to be reliable. The source had provided their name to Officer Garcia, but he had taken no steps to confirm the identity of the source.

After receiving this information Officer Garcia, accompanied by his partner Officer Joseph Steiger, went to the vicinity of 5871 Roosevelt and began conducting surveillance. After a short period of time he saw a person come out of the residence at 5871 Roosevelt. The person fit the description of "T" as provided by the source. "T" approached a man who was standing

on the sidewalk in front of the residence.  The man handed currency to "T" and "T" in turn handed something to the man.  The man walked away.  "T" put the currency in his pocket and turned and walked back toward the residence.  As he did so he was approached by a female who the officers later identified as Andrea Watkins.  Watkins then handed something to "T" which he then put in his pants pocket.  "T" then went inside the residence.  He came back out of the residence within minutes and began walking toward Watkins.  At that point the officers, who were wearing jackets and/or vests identifying them as police officers, approached "T" on foot.  Upon seeing the officers approaching "T" removed an object from his pocket and dropped it to the ground.  Officer Garcia recognized the object to be a package of marijuana and seized it.

Officer Garcia then placed "T" under arrest for possession of marijuana.  After doing so he advised the defendant of the <u>Miranda</u> rights by reading them to the defendant from a card.  Specifically, Officer Garcia advised "T" that he had the right to remain silent, that anything he said could be used against him, that he had the right to an attorney and to have the attorney present during questioning if he wished, and that if he could not afford an attorney one would be appointed for him before questioning if he wished.  After being so advised the defendant agreed to answer questions put to him by the officers.  The defendant identified himself as Terry L. Edwards, and stated that he lived at 5871 Roosevelt.  He acknowledged that he was known by the nickname "T".

Garcia then asked for permission to search the residence at 5871 Roosevelt and Edwards agreed. Officer Garcia then presented to Edwards a printed Consent To Search form. Officer Garcia read the form to Edwards. The form indicated that Edwards consented to a search of his residence at 5871 Roosevelt. The form also set out that Edwards understood that he could refuse to consent to the search and to refuse to sign the form. The form also set out that no threats, promises or other form of coercion had been used against Edwards to induce him to consent to the search. After having the form read to him by Officer Garcia, Edwards signed the consent to search form. (See Government's Exhibit 1).

The officers then searched the residence at 5871 Roosevelt. In a bedroom of the residence they found and seized a small quantity of marijuana, plastic baggies, a scale and mail addressed to Terry Edwards at 5871 Roosevelt. Under a mattress in the bedroom the officer found and seized a rifle and a shotgun.

Edwards was thereafter transported to the police station where he was booked and processed for the offense of possession of marijuana - misdemeanor, and thereafter released.

## Discussion

### Motion To Suppress Evidence

In his Motion To Suppress Evidence the defendant moves to suppress the evidence seized from his residence at 5871 Roosevelt, St. Louis, Missouri. As grounds to support the motion he avers that the officers entered the premises without legal justification

or authority. He specifically avers that, "any purported consent obtained in this matter allegedly authorizing the search of Defendant's person or property was improperly obtained, simply not obtained or obtained in a manner that suggests Defendant was in a state of duress."

Law enforcement officials may lawfully conduct a search without a warrant if they have the voluntary consent of a person having authority to consent to such search. Schneckloth v. Bustamonte, 412 U.S. 218 (1973); United States v. Bradley, 234 F.3d 363, 366 (8th Cir. 2000). In determining whether a consent to search was voluntary the court must examine the totality of the circumstances in which it was given. Schneckloth v. Bustamonte, supra at 226. In United States v. Chaidez, 906 F.2d 377 (8th Cir. 1990) the Eighth Circuit Court of Appeals set out factors to be considered in determining whether consent to search was voluntarily given. Characteristics of persons giving consent which may be relevant to the question include: (1) their age; (2) their general intelligence and education; (3) whether they were intoxicated or under the influence of drugs when consenting; (4) whether they consented after being informed of their right to withhold consent or of their Miranda rights; and (5) whether, because they had been previously arrested, they were aware of the protections afforded to suspected criminals by the legal system. Id. at 381. Characteristics of the environment in which consent was given include: whether the person who consented (1) was detained and questioned for a long or short time; (2) was threatened, physically

intimidated, or punished by the police; (3) relied upon promises or misrepresentations made by the police; (4) was in custody or under arrest when the consent was given; (5) was in a public or a secluded place; or (6) either objected to the search or stood by silently while the search occurred.  Id.  The factors should not be applied mechanically, id.  No single factor is dispositive or controlling.  United States v. Bradley, supra, at 366 (Citing United States v. Ponce, 8F.3d 989, 997 (5th Cir. 1993).

Applying these factors in this case leads the undersigned to conclude that the consent to search 5871 Roosevelt given by the defendant to the officers on April 9, 2007, was voluntary.  At the time of his arraignment the defendant told the court that he was born on August 2, 1971, meaning that he was 35 years of age at the time of consent.  He also informed the court at his arraignment that he had attended school through the 12th grade, had obtained a GED and was able to read and write.  There is no evidence that the defendant was under the influence of drugs or otherwise intoxicated at the time when consent was given.  The defendant was advised in writing of his right to refuse to consent to search and acknowledged such understanding in signing the consent to search form.  He had also been advised of his Miranda rights before granting consent to search.  Further, according to the allegations in the indictment, it appears that the defendant had prior experience in the criminal justice system.  The defendant consented to the search shortly after being taken into custody.  There is no evidence that the defendant was threatened or coerced by the

officers to induce his consent to search or that any promises or misrepresentations were made to him by the officers to obtain his consent to search. The consent to search form signed by the defendant so acknowledges. There is nothing in the record indicating that the defendant ever attempted to withdraw his consent or objected in any way as the search was being conducted. In fact, the evidence shows that he assisted the officers during the search by telling them where certain items could be found. The totality of these circumstances show that the consent to search given by the defendant was voluntary.

The defendant has submitted to the court a one page written report prepared by forensic document examiner Stephen McKasson, in which he opines that the signature of Terry Edwards on the consent to search form is a "forgery by simulation rather than a genuine signature of Terry Edwards." (See Defendant's Motion Hearing Exhibit D.) Mr. McKasson did not appear and testify in this matter and thus the undersigned has not had the opportunity to assess his credibility or the underlying basis of his opinion. On the other hand, the undersigned did hear and see the testimony of Officer Martin Garcia and finds his testimony to be credible on the issues pending before the court on the pending motions.

The defendant's motion to suppress evidence should be denied.

Motion To Suppress Statements

As grounds to suppress the statements allegedly made by him to law enforcement officials on April 9, 2007, the defendant

asserts in his motion that the statements were not voluntary in that he was not "presented before a judge as soon as practicable." This is an apparent reference to Rule 5(a)(1), Federal Rules of Criminal Procedure, which requires that an arrested person be taken "without unnecessary delay before a magistrate judge," and 18 U.S.C. § 3501 which lists delay in bringing a defendant before the Court as a factor to be used in determining the voluntariness, and thus admissibility, of a confession. However, these provisions are not applicable in the circumstances here because the defendant was interviewed by a state officer on state charges at the time he made the statements which the government seeks to offer here. No federal charge was brought against the defendant until September, 2007, months following the date of the interviews. Therefore, there was no obligation to bring him before a federal magistrate on the date of the interviews. See United States v. Alvarez-Sanchez, 571 U.S. 350 (1994); United States v. Pugh, 25 F.3d 669, 674-75 (8th Cir. 1994).

The defendant also asserts in his motion that the statements were not voluntary because they were the result of duress resulting from undue coercion and pressure put on him by the officers. This claims is not supported by, and indeed is contradicted by, the evidence adduced at the hearing. The defendant's statements were not the result of threats, promises or other coercion by the officers and were therefore voluntary. Colorado v. Connelly, 479 U.S. 157 (1986).

Lastly, as grounds to suppress the statements made by him the defendant asserts that he was not advised of his rights as required by Miranda v. Arizona, 384 U.S. 436 (1966); did not waive those rights; and that his invocation of his right to remain silent and to have counsel present were not honored. These claims are not supported by the evidence adduced at the hearing. The evidence demonstrates that the defendant was informed of his rights in full compliance with Miranda. After being so advised the defendant agreed to answer questions put to him by the officers. This demonstrates that the defendant voluntarily, knowingly and intelligently waived these rights. United States v. Ingram, 839 F.2d 1327, 1329 (8th Cir. 1988). There is no evidence before the court that the defendant ever invoked his right to remain silent or to have counsel present during questioning.

The defendant's Motion To Suppress Statements should be denied.

Motion To Disclose Identity Of Informant

The defendant seeks the disclosure of the identity of an informant in the case claiming that disclosure of the identity of the informant is essential to the defense and to a fair determination of the guilt or innocence of the defendant.

In determining whether the identity of a confidential informant should be disclosed, the Court must balance the defendant's need for disclosure to ensure a fair trial with the public's interest in preserving the anonymity of persons who provide information relating to crimes to law enforcement

officials.  Roviaro v. United States, 353 U.S. 53, 59-62 (1957). The defendant has not here alleged nor offered evidence from which the Court should conclude that the balance in this case has tipped in favor of disclosure.  The defendant has not alleged, for example, that some other person assisted him, or counseled him, or caused him to engage in the conduct alleged, or that some person was a material witness to any of the events alleged.  In any event, it is not for the Court to speculate how such disclosure might be helpful to the defendant or essential to a fair determination of the case. United States v. Grisham, 748 F.2d 460, 63-64 (8th Cir. 1984).

The government need not disclose the identity of an informant "tipster" who provides information to law enforcement officers but who is neither a witness to nor a participant in the offense alleged.  United States v. House, 604 F.2d 1135 (8th Cir. 1979), cert. denied, 445 U.S. 931 (1980); U.S. v. Bourbon, 819 F.2d 856, 859 (8th Cir. 1987).  The defendant here has not alleged or shown that the informant referred to in the affidavit was either a witness to or a participant in the matters alleged in the indictment; nor has he alleged, other than in a general fashion, that the informant has any exculpatory information to offer in this cause.

The Defendant's Motion To Reveal The Identity Of The Confidential Informant should be denied.

<u>Conclusion</u>

For all of the foregoing reasons, the defendant's Motion To Suppress Evidence; Motion To Suppress Statements; and Motion To Reveal The Identity Of The Confidential Informant should be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that defendant's Motion To Suppress Evidence (Docket No. 33); Motion To Suppress Statements (Docket No. 34); and Motion To Reveal The Identity Of The Confidential Informant (Docket No. 35) be denied.

The parties are advised that they have until **August 18, 2008,** in which to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal questions of fact. <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990).

*/s/ Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of August, 2008.